UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 8:04-cr-486-T-23MAP
                                                                                   8:07-cv-1478-T-23MAP
KIRK McVEY
_____/

**O R D E R**

McVey's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his thirty-month sentence, which resulted from his plea of guilty to conspiring to commit mail and wire fraud. Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

McVey received a thirty-month sentence, which was the low-end of the advisory sentencing range. The Section 2255 motion presents three challenges to the sentence: (1) McVey challenges the disparity between his sentence and each co-defendant's sentence; (2) McVey contends that his sentence violates the Eighth Amendment's proscription of cruel and unusual punishment; and (3) McVey seeks reconsideration of the denial (Doc. 126) of a motion for reconsideration (Doc. 123).

McVey's conviction and sentence are pursuant to a written plea agreement in which McVey waived his right to collaterally challenge his conviction and sentence. The plea agreement states:

> [McVey] expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution. . . .

Plea agreement ¶ 6 at 10 (Doc. 33). McVey cannot meet either exception (a) or (b) because his sentence is neither an upward departure nor above the statutorily authorized maximum sentence.

McVey argues unpersuasively that his punishment is cruel and unusual because of the disparity between his sentence and each co-defendant's sentence. McVey characterizes his involvement in the conspiracy as "minor" and complains that his

thirty-month sentence is identical to the sentence imposed upon co-defendant Todd Kolbe, who was the "admitted leader of the conspiracy." This similarity of punishment was discussed immediately before the imposition of sentence.

> That brings to issue then a result of a reasonable sentence. My reference to McVey — Mr. Kolbe's file shows that the unadjusted sentence range was 57 to 71. Frankly, I'm struck that sort of in round numbers places Mr. McVey's recommended guideline sentence about half of what Mr. Kolbe's was; and as you heard me say a moment ago, the — a reduction achieved by a 5K1 is not a disparity — does not create a disparity within the meaning of the law. You can get to that result for a number of reasons. One, the offenders aren't similarly situated in the sense that one's cooperated and one hasn't, not that one was willing to cooperate and one wasn't. That's not the — [d]oesn't make any difference.
>
> . . .
>
> But if you looked at the unadjusted sentence, it's hard to say that — that there is much of any disparity that needs to be corrected within the meaning of 3553 between Kolbe and McVey.

Transcript of Sentencing Proceedings at 40-41 (Doc. 139). The court also rejected both the idea that McVey's involvement was similar to that of Amy Kolbe and that McVey was entitled to a similar sentence. "We'll never know exactly the degree of entanglement between McVey and Kolbe or what Kolbe and McVey shared by way of knowledge as aspirations and motivation and the like; but whatever it is, it is more than the episodic calling upon of Ms. Amy Kolbe for an attestation." Transcript of Sentencing Proceedings at 42 (Doc. 139). Even if he could base an Eighth Amendment claim on a disparate sentence, McVey's sentence is not disparate compared to his co-defendants' sentences.

Shortly after the imposition of sentence McVey moved for reconsideration (Doc. 123), which was denied (Doc. 126).  Reconsideration of that denial is not warranted.

Accordingly, McVey's motion to vacate sentence (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against McVey and close this action.

ORDERED in Tampa, Florida, on November 30, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE